UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY O'BRIEN, on Behalf of Himself and all Others Similarly Situated,<br><br>             Plaintiff,<br><br>     v.<br><br>LG ELECTRONICS USA, INC. and SEARS HOLDINGS CORPORATION,<br><br>             Defendants. | Civil Action No. 10-cv-03733 (DMC)(JAD)<br><br><br>**ORDER** |
| ROBERT WALSH, on Behalf of Himself and all Others Similarly Situated,<br><br>             Plaintiff,<br><br>     v.<br><br>LG ELECTRONICS USA, INC. and SEARS HOLDINGS CORPORATION,<br><br>             Defendants. | Civil Action No. 10-cv-04499 (DMC)(JAD) |
| DEBORAH ASCHENBRENNER, on Behalf of Herself and all Others Similarly Situated,<br><br>             Plaintiff,<br><br>     v.<br><br>LG ELECTRONICS USA, INC. and SEARS HOLDINGS CORPORATION,<br><br>             Defendants. | Civil Action No. 11-cv-00463 (DMC)(JAD) |

The parties having made application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order seeking preliminary approval of a class action settlement (the "Settlement"), in accordance with the Stipulation and Agreement of Compromise and Settlement dated August 3, 2011 (the "Stipulation"), and directing the dissemination of Class Notice; and the Court, having read and considered the Stipulation, and having considered all other papers submitted in connection with the proposed Settlement, and finding that the parties are entitled to the relief they seek; and for good cause shown;

IT IS THIS __29__ day of __August__, 2011:

ORDERED that the Motion is GRANTED, subject to the following terms and conditions:

1. For the purposes of this Order, the Court hereby adopts all defined terms as set forth in the Stipulation.

2. The "Settlement Class" consists of and is hereinafter defined as all end user consumer residents in the United States who purchased one or more of the following LG-manufactured Refrigerators consisting of the LG-branded or Kenmore –branded refrigerators that are identified on Exhibit A to the Stipulation. Excluded from membership in the Class are the following: (a) LGEUS or its affiliates; (b) Sears, Roebuck and Co. or its affiliates; (c) retailers, wholesalers, and other middlemen who purchased a Refrigerator for commercial use or resale; (d) persons who timely and validly exclude themselves form the Class; (e) state and

governmental entities; and (f) the judge to whom this case is assigned and any member of the judge's immediate family.

3.      The Court preliminarily finds that the proposed Settlement Class meets all the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), subject to further consideration at the Final Approval Hearing described below, and approves the proposed Settlement set forth in the Stipulation as being fair, just, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

4.      Based upon the Court's familiarity with the claims and parties, the Court preliminarily finds that Gary O'Brien, Robert Walsh and Deborah Aschenbrenner adequately represent the interests of the Settlement Class and hereby appoints them as Class Representatives for the Settlement Class.

5.      The Court preliminarily finds that the following firms fairly and adequately represent the interests of the Settlement Class and hereby confirms them as Class Counsel pursuant to Rule 23(g):

>           Counsel for the Class
>
>           James E. Cecchi
>           Lindsey H. Taylor
>           CARELLA, BYRNE, CECCHI,
>           OLSTEIN, BRODY & AGNELLO, P.C.
>           5 Becker Farm Rd.
>           Roseland, New Jersey 07068
>           (973) 994-1700
>
>           Scott A. Bursor
>           BURSOR & FISHER, P.A.
>           369 Lexington Avenue, 10th Floor
>           New York, New York 10017-6535
>           (212) 989-9113

Paul M. Weiss
FREED & WEISS LLC
111 West Washington Street, Suite 1331
Chicago, Illinois 60602
(312) 220-0000

6. This matter is preliminarily certified as a class action pursuant to Rule 23 for purposes of the Settlement only. If the Settlement does not receive final approval, Defendants retain the right to assert that this action may not be certified as a class action for any purpose.

7. The Court finds, upon preliminary review of the Settlement and consideration of the nine factors enunciated in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), that the Settlement appears to be fair, reasonable and adequate. Accordingly, the Settlement is preliminarily approved, subject to a further determination to be made after the Fairness Hearing, as defined below, and is sufficient to warrant disseminating notice to the Settlement Class.

8. A Final Approval Hearing (sometimes referred to herein as the "Fairness Hearing") pursuant to Rule 23(e) will be held before this Court on November 21, 2011 at 10:00 a.m. at the United States District Court for the District of New Jersey, Frank R. Lautenberg U.S. Post Office and Courthouse Building, 50 Walnut Street, Newark, New Jersey 07101 for the following purposes:

(a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be finally approved by the Court;

(b) to determine whether the Order and Final Judgment as

provided under the Stipulation should be entered, dismissing the complaints in these actions with prejudice, and releasing the claims against the Defendants;

(c)     to determine whether the proposed reimbursement program available from the Settlement is fair and reasonable, and should be approved by the Court;

(d)     to consider the Attorneys' Fee and Expense Application of Class Counsel;

(e)     to rule upon such other matters as the Court may deem appropriate.

9.     Class Counsel shall serve and file their papers in support of the Final Approval of the Settlement and their Fee and Expense Application no later than November 7, 2011.

10.     The Fairness Hearing may be postponed, adjourned or continued by further order of this Court, without further notice to the Class.

11.     The Court reserves the right to finally approve the Settlement (including with modification acceptable to the parties) without further notice of any kind to the Class beyond such notice as provided herein.  The Court reserves the right to enter its Order and Final Judgment approving the Stipulation and dismissing the Complaints with prejudice regardless of whether the Attorneys' Fee and Expense Application of Class Counsel is granted.

12.     The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action ("Long Form Notice"), Claim Form, and Summary Notice

of Proposed Settlement of Class Action ("Summary Notice") annexed to the Stipulation.

13.     Pursuant to Rule 23, this Court hereby finds and concludes that the mailing and publication of the Long Form Notice and the Summary Notice constitute the best notice practicable under the circumstances and provide due and sufficient notice and will fully satisfy the requirements of Rule 23 and the requirements of due process. Prior to the Fairness Hearing, Class Counsel shall file with the Court declaration(s) reflecting that dissemination of the notice has been accomplished. The costs of disseminating the notice shall be paid by Defendants in accordance with the Stipulation.

14.     The Court approves the selection of Rust Consulting as the Claims Administrator. Responsibilities of the Settlement Administrator shall include the following: (a) establishing a toll-free phone number (to be included in the Notice for purposes of communicating with Settlement Class Members); (b) establishing and maintaining a website for purposes of posting the Long Form Notice, the Claim Forms, the Stipulation and related documents; (c) accepting and maintaining documents sent from Class Members, including Claim Forms, Request for Exclusion, and other documents relating to claims administration; and (d) administering claims. The Claims Administrator, under the supervision of counsel for the parties, shall cause a copy of the Long Form Notice and the Claim Form, to be mailed by first class mail to all persons identifiable by Defendants. The Claims Administrator shall also make additional copies of the Long Form Notice, Claim

Form, and Summary Notice available to any Class Member upon request of the Class Member.

15.     On or before September 18, 2011, a Summary Notice, substantially in the form attached hereto as Exhibit 3, shall be published in <u>Parade</u> <u>Magazine</u>.

16.     Class Members shall be bound by all determinations and judgments in these actions, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner. A Class Member wishing to make such request shall mail the request in written form by first class mail postmarked no later than October 28, 2011 to the address designated in the Long Form Notice and Summary Notice. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class, and must be signed by such person. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Any Class Member who does not properly and timely submit a request for exclusion, as required above, shall be deemed to have waived all rights to opt out of the Settlement, and shall be deemed a Class Member for all purposes pursuant this Order.

17.     Class Members requesting exclusion from the Class shall not be entitled to receive any reimbursement as described in the Stipulation, Long Form Notice, Claim Form, and Summary Notice.

18.   In order to be entitled to receive a reimbursement, in the event the Settlement is effected in accordance with all of the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a)   A properly executed Claim Form, substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated on the Long Form Notice and Summary Notice, postmarked not later than May 19, 2012. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Long Form Notice and Summary Notice.

(b)   The Claim Form submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) if the person executing the Claim Form is acting in a representative capacity, a certification of such representative's current authority to act on behalf of the Class Member must be included in the Claim Form; and (iii) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed.

(c)     Each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted and shall (subject to effectuation of the Settlement) release all claims as provided in the Stipulation.

19.     In the event that Settlement Class Members who, in the aggregate, own 5% of the total Class Model pool as described in the Stipulation exclude themselves from the Settlement, Defendants shall have the option to withdraw from the Settlement and to rescind the Stipulation by providing written notice of such intent to withdraw to the Court and to Plaintiffs (through Class Counsel) in accordance with the terms provided in the Stipulation.

20.     Class Members or their counsel who wish to appear at the Final Approval Hearing must make such request by notifying the Court, Class Counsel and counsel for Defendants in writing. Such request must be filed with the Clerk of the Court and received by Defendants' counsel and Class Counsel no later than 14 days prior to the date of the Fairness Hearing.  Such request must state the name, address, and, if available, telephone number of the Settlement Class Member as well as the name, address, and telephone number of the person who will appear on his or her behalf.  Such request also must state in detail the ground(s) for objection. Any request for appearance that fails to satisfy the requirements of this Section shall not be effective.  Any Settlement Class Member who does not properly and timely submit a request for appearance shall be deemed to have waived all rights to appear and/or to comment on the Settlement and shall not be permitted to appear

at the Fairness Hearing or to comment on the proposed Settlement at the Fairness Hearing.

21.    If the Settlement is finally approved, the Court shall enter a separate order finally approving the Settlement, entering judgment and dismissing the Complaints with prejudice.  Such order and judgment shall be fully binding with respect to all members of the Class.

22.    All proceedings in these Actions are hereby stayed and suspended, pending the Final Approval of the Class Settlement ("Final Approval"), except such proceedings as are provided for in the Stipulation, or which may be necessary to implement the terms of the Stipulation, Settlement, or this Order.

23.    This Court hereby enters a Preliminary Injunction barring and enjoining the Class Representative and all Settlement Class Members from bringing, filing, commencing, prosecuting, continuing to prosecute, maintaining, intervening in, participating in, or receiving any benefits from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding in law or equity that asserts, arises from, concerns, or is in any way related to the Released Claims, until such time as this Court has ruled on the fairness of the settlement terms following the Fairness Hearing.

24.    Any Settlement Class Member may hire an attorney at his or her or its own expense to appear in the action.  Such attorney shall file and serve a Notice of Appearance in *Gary O'Brien v. LG Electronics USA, Inc., and Sears Holding Corp.*, Civil Action No. 10-cv-03733(DMC)(JAD) on or before October 28, 2011.

25.   Pending Final Approval, Defendants may seek an injunction that no Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely elects to be excluded from the Settlement Class), shall commence, continue or prosecute against any related action or proceeding in any court or tribunal asserting any of the matters, claims, or causes of action that are to be released upon Final Approval pursuant to the Settlement and Stipulation, and Class Counsel and Class Representatives are directed to cooperate, but are not required to participate, in Defendants' efforts to obtain said injunction or injunctions.   Upon Final Approval, all Settlement Class Members who do not file a timely Request for Exclusion shall be forever enjoined and barred from asserting any of the matters, claims, or causes of action released pursuant to the Agreement, including the Class Released Claims and any such Settlement Class Member shall be deemed to have forever released any and all such matters, claims, and causes of action as provided for in the Agreement.

26.   Upon Final Approval, each and every term and provision of the Stipulation and Settlement (except as may be modified by the Final Approval Order) shall be deemed incorporated into the Final Approval Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

27.   Neither this Order nor the Stipulation, nor any documents or statements related thereto, shall constitute any evidence or admission of liability by Defendants, nor shall any such document or statement be offered in evidence in this

or any other proceeding except to consummate or enforce the Settlement or the terms of this Order.

Dated: 8/29/11

_____
Hon. Dennis M. Cavanaugh, U.S.D.J.