UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY O'BRIEN, on Behalf of Himself and all Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>LG ELECTRONICS USA, INC. and SEARS HOLDINGS CORPORATION,<br><br>　　　　　　　Defendants. | Civil Action No. 10-cv-03733 (DMC)(JAD)<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |
| ROBERT WALSH, on Behalf of Himself and all Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>LG ELECTRONICS USA, INC. and SEARS HOLDINGS CORPORATION,<br><br>　　　　　　　Defendants. | Civil Action No. 10-cv-04499 (DMC)(JAD) |
| DEBORAH ASCHENBRENNER, on Behalf of Herself and all Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>LG ELECTRONICS USA, INC. and SEARS HOLDINGS CORPORATION,<br><br>　　　　　　　Defendants. | Civil Action No. 11-cv-00463 (DMC)(JAD) |

THIS MATTER having been opened to the Court jointly by counsel for the Plaintiffs and the Class and by counsel for the Defendants for final approval of the proposed class action settlement (the "Settlement"), in accordance with the Stipulation and Agreement of Compromise

and Settlement dated August 3, 2011 (the "Stipulation"); and

WHEREAS, the Court finds that is has jurisdiction over this action and each of the parties under 28 U.S.C. § 1331 and that venue is proper in this district; and

WHEREAS the Court finds as follows: The Settlement was entered into at arms length by experienced counsel and only after extensive arms length negotiations. The Settlement is not the result of collusion. The Class has received the best notice practicable under the circumstances. The Settlement is fair, reasonable, and adequate; and

WHEREAS, this Court has fully considered the record of these proceedings, the representations, argument, and recommendation of counsel, and the requirements of the governing law; and for good cause shown;

IT IS THIS ___21___ day of ___Nov___, 2011:

ORDERED that the Final Approval and Judgment is GRANTED, subject to the following terms and conditions:

1. For the purposes of this Order, the Court hereby adopts all defined terms as set forth in the Stipulation.

2. The "Settlement Class" consists of and is hereinafter defined as all end user consumer residents in the United States who purchased one or more of the following LG-manufactured Refrigerators consisting of the LG-branded or Kenmore –branded refrigerators that are identified on Exhibit A to the Stipulation. Excluded from membership in the Class are the following: (a) LGEUS or its affiliates; (b) Sears, Roebuck and Co. or its affiliates; (c) retailers, wholesalers, and other middlemen who purchased a Refrigerator for commercial use or resale; (d) persons who timely and validly exclude themselves form the Class; (e) state and

governmental entities; and (f) the judge to whom this case is assigned and any member of the judge's immediate family.

3. The Court finds that the proposed Settlement Class meets all the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and approves the Settlement set forth in the Stipulation as being fair, just, reasonable, and adequate.

4. Based upon the Court's familiarity with the claims and parties, the Court finds that Gary O'Brien, Robert Walsh and Deborah Aschenbrenner adequately represent the interests of the Settlement Class and hereby appoints them as Class Representatives for the Settlement Class.

5. The Court finds that the following firms fairly and adequately represent the interests of the Settlement Class and hereby confirms them as Class Counsel pursuant to Rule 23:

<u>Counsel for the Class</u>

James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Rd.
Roseland, New Jersey 07068
(973) 994-1700

Scott A. Bursor
BURSOR & FISHER, P.A.
369 Lexington Avenue, 10th Floor
New York, New York 10017-6535
(212) 989-9113

Paul M. Weiss
FREED & WEISS LLC
111 West Washington Street, Suite 1331
Chicago, Illinois 60602
(312) 220-0000

The Court finds, upon review of the Settlement and consideration of the nine factors enunciated in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), that the Settlement and

the proposed reimbursement program available from the Settlement are fair, reasonable and adequate. Accordingly, the Settlement is finally approved by the Court.

6. The Order and Final Judgment as provided under the Stipulation should be entered. Such order and judgment shall be fully binding with respect to all members of the Class and shall have *res judicata*, collateral estoppel, and all other preclusive effect in any claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or expenses that are based on or in any way related to any of the claims for relief, causes of action, suits, damages, debts, contracts, petitions, demands in law or equity, or any allegations of liability, obligations, promises, attorneys' fees, costs, interests, or expenses that were asserted in the three complaints, except for the claims that were excluded from the Settlement in accordance with the Court's Preliminary Approval Order.

7. The complaints in these three actions are dismissed with prejudice, and the claims against the Defendants are released.

8. Class Members requesting exclusion from the Class shall not be entitled to receive any reimbursement as described in the Stipulation, Long Form Notice, Claim Form, and Summary Notice.

9. In order to be entitled to receive a reimbursement, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Claim Form, substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated on the Long Form Notice and Summary Notice, postmarked not later than May 19, 2012. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed

and mailed by first class mail, postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Long Form Notice and Summary Notice.

(b) The Claim Form submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) if the person executing the Claim Form is acting in a representative capacity, a certification of such representative's current authority to act on behalf of the Class Member must be included in the Claim Form; and (iii) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed.

(c) Each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted and shall (subject to effectuation of the Settlement) release all claims as provided in the Stipulation.

(d) Funds represented by checks issued to Class Members which go uncashed shall remain the property of LGEUS.

10. Each and every term and provision of the Stipulation and Settlement shall be deemed incorporated into the Final Approval Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

11. The terms of this Order and Judgment, and the Settlement are binding on the Plaintiffs and all other Class Members, as well as their heirs, executors and administrators, successors and assigns.

12. The parties and their counsel are ordered to implement and to consummate the Settlement according to its terms and provisions.

13. The releases set forth in the Settlement and Stipulation are incorporated by reference.

14. The parties are authorized, without further approval from the Court, to agree to and to adopt such amendments, modifications, and expansions of the Settlement as are consistent with the Final Approval Order and Judgment.

15. No Class Member, either directly, representatively, or in any other capacity (other than a Class Member who validly and timely submitted a valid request for exclusion), shall commence, continue, or prosecute any action or proceeding against any or all Defendants in any court or tribunal asserting any of the claims released by the Settlement or Stipulation, and are hereby permanently enjoined from so proceeding.

16. Without affecting the finality of the Final Approval Order and Judgment, the Court shall retain continuing jurisdiction over these Actions, the parties and the Settlement Class, and the administration and enforcement of the Settlement. Any disputes or controversies arising with respect to the enforcement or implementation of the Settlement shall be presented by motion to the Court, provided, however, that nothing in this paragraph shall restrict the parties' ability to exercise their rights under Paragraph 14 above.

17. Neither this Order nor the Stipulation, nor any documents or statements related thereto, shall constitute any evidence or admission of liability by Defendants, nor shall any such document or statement be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement or the terms of this Order.

18. There being no just reason to delay, the Clerk is directed to enter this Final Approval Order and Judgment forthwith.

Dated: 11/21/11

_____
Hon. Dennis M. Cavanaugh, U.S.D.J.